BOUTALL, Judge.
This appeal is concerned with child support and visitation, and with various claims arising out of a partition by licitation of the community property. The matter arose as a result of several rules filed by Mrs. Joan M. Douglass, former wife of Henry Stead-man, Jr. and now wife of George Sladovich, III, and by her former husband Henry Steadman, Jr., ancillary to divorce proceedings between them. Mrs. Sladovich has appealed portions of the judgment, and Mr. Steadman has answered the appeal assigning as error other portions of the judgment.
In previous proceedings, a judgment of divorce was decreed between the parties, and Mr. Steadman was awarded custody of their minor son, with Mrs. Sladovich being awarded custody of their minor daughter, fixing child support at the sum of $85.00 per*month. At issue here is the validity of the judgment awarding Mrs. Sladovich the sum of $3,060 as arrearage in child support, suspending support payments at present, and suspending visitation rights of Mr. Steadman.
As to the back alimony, the trial judge limited the liability of Mr. Steadman to the three year prescription of Civil Code Article 3538 and awarded the sum of $3,060, representing 36 monthly past due payments at the rate of $85.00 each. The record contains an admission by Mr. Steadman that he had not paid any of these payments, and Mrs. Sladovich now tells us that she does not quarrel with the amount awarded. She does, however, insist that the payment of this amount is treated improperly in the judgment, and we will discuss that hereinafter.
In connection with the suspension of child support, we note that the ex-husband has had custody of the minor son for a number of years, and that the ex-wife has custody of the 14 year old daughter. The evidence reveals that the expenses of support of the daughter are in excess of $85.00 per month, but it also shows that the ex-husband supports the minor son without aid from the ex-wife. The income of Mrs. Sla-dovich is $1,000 per month and her husband has a base income of $15,000 per year. The income of Mr. Steadman is not easily determined because of the nature of his testimony, nevertheless it appears to be something in excess of $9,000 a year.' Under these circumstances, the trial court is justified in concluding that the prior awarded support payments should be suspended unless some change in circumstance should result.
Mr. Steadman complains of suspension of visitation rights, which had previously been set as 1 afternoon every 2 weeks to permit him to take his daughter to dinner. The evidence reveals that a very bitter struggle has occurred between the parties over every aspect of their separation and divorce. Although Mrs. Sladovich says that if her daughter wished to, she could visit her father, nevertheless she refers to threats upon her and unwarranted inquisition into her personal affairs. She has never visited her son since the trial of award of custody, nor has Mr. Steadman visited his daughter. The trial judge has had these parties before him in one proceeding or *792 another for some seven years, and it is apparent from references made in the trial that he is much more familiar with the conditions that exist between these litigants and their children than we are. It is apparent he felt that the best interest of the child would be to suspend visitation by the father, and we see no reason to interfere with the discretion that he has.
We now pass to a consideration of the partition matters.
After apparently long negotiations between the parties failed, a judgment of partition by licitation was rendered. The community property was inventoried and placed at public auction. Before us now are issues as to the ownership of an amount deposited in the registry of court by the notary public who sought to effect the partition between them as well as claims by the parties arising out of a number of items of the community property. While we agree in essence with the decision of the trial judge in relation to these various claims, somehow confusion arose as to the nature of the amount deposited in the registry of court. We conclude from the evidence presented that the amount on deposit in the registry of the court represents the proceeds from the sale which are due to Mrs. Sladovich alone, subject to certain claims of Mr. Steadman.
An inventory of the community property had been taken by George C. Stringer, Notary Public on February 28, 1973. Subsequently a judgment ordering a partition by licitation was signed on June 5, 1975, appointing Salvadore Pappalardo as auctioneer to sell the property at public auction. The public auction was conducted on December 13, 1976 and the community real estate was sold to Mr. Steadman for a bid of $60,000 and the movable furniture therein was also sold to him for $3,725.00. A 1970 Ford Torino automobile was sold to a third person for $120.00. The parties were then referred to the same notary public for execution of the act confirming the public auction and settlement of the proceeds. After deduction of the expenses of the sale and partition there was deposited in the registry of court by the notary public the sum of $21,355.60, which represented one half of the balance of the proceeds. It is clear that that amount is the ex-wife’s share alone from the sale. The ex-husband, as purchaser, had never actually produced the total cash amount of the sale, and his one-half share in the community property was used by him as being applied to the adjudication price. Accordingly, the balance in the registry of court should be awarded solely to Mrs. Sladovich, subject only to the credit now to be stated.
That credit arises out of the maintenance of the family home by Mr. Steadman. After the separation, Mr. Steadman maintained the family home and expended the sum of $10,465.30 for payments on the outstanding mortgage, insurance premiums made necessary by the mortgage and eradication of termites. This amount is a community debt due to Mr. Steadman. He of course is responsible for one-half of it and his ex-wife is responsible for one-half, the sum of $5,232.65. Mr. Steadman has in effect received his one-half reimbursement as a result of his utilization of credit towards the auction price. Thus he is entitled to be reimbursed only the wife’s half, that is $5,232.65, out of the fund on deposit.
At this point we take notice that some confusion exists between the parties as to whether the award of back child support in the amount of $3,060 was also to be paid out of the fund in registry of court. As we interpret the judgment together with the reasons for judgment, it is apparent that the judgment intended to and does, simply award Mrs. Sladovich the sum of $3,060 and made that judgment executory without any stipulation that it should be paid from the amount on deposit. The judgment for arrearage, when made execu-tory, may be considered like any other money judgment for its execution. That sum is owed by Mr. Steadman to Mrs. Sladovich, and he is not entitled to any credit for it against the community assets.
The next assignment of error is the claim of Mr. Steadman against Mrs. Slado- *793 vich relative to the Ford Torino automobile. He contends that she had the use of that vehicle during the pendency of the litigation, and that he is entitled to payment either for the value of that use or for the value of the automobile at the time of the separation. The trial judge found that the use of the vehicle by Mrs. Sladovich as a co-owner balanced the use of the family home by Mr. Steadman without reimbursement. Noting that ordinarily a co-owner may use the object of the ownership without reimbursement to other co-owners, we agree. As to the value, the evidence does not show any abnormal use or destruction of the vehicle, and the amount due the community, is what the vehicle brought at the auction.[1]
There remain several smaller claims. One is Mr. Steadman’s claim for the value of a dog owned by them and inventoried as a community asset. The evidence shows that the dog became vicious and had to be destroyed before the auction. That claim is denied. Similarly, there was a claim for failure of Mrs. Sladovich to produce for sale four silver trays. The evidence does not show that Mrs. Sladovich had possession of those trays. Similarly, a claim for non-production of a silver service of 8 place settings by Mrs. Sladovich must be denied. She testified that she only took four place-settings and turned them over to the auctioneer, who upon instructions from Mr. Stead-man did not sell them because it was only a partial set. Mr. Steadman still has those place settings. There is simply no proof that Mrs. Steadman took more than four of those place settings and she returned four.
Accordingly, we affirm the following parts of the judgment: Judgment in favor of Mrs. Joan M. Douglass Sladovich for $3,060 as arrearage in child support which is made executory; judgment suspending the support payments to Mrs. Sladovich for the minor child Merrie Carol Steadman; judgment suspending the visitation rights of Mr. Steadman;' judgment dismissing Mr. Stead-man’s claims for one-half of the value of the family dog, various silver trays and silver service, and his claim for reimbursement of alimony pendente lite.
We reverse that portion of the judgment decreeing that the money in the registry of court shall be divided between the parties, and we now render judgment as follows:
Mrs. Joan M. Douglass Sladovich is decreed to be entitled to the proceeds of the judicial sale deposited in the registry of the court subject only to the award to Henry Steadman, Jr. of the sum of $5,232.65, being one half of the expenses incurred by him in maintaining the matrimonial domicile, and the Clerk of Court is now ordered to pay on the party’s demand, the sum of $5,232.65 to Henry Steadman, Jr., and the balance of said deposit to Joan Douglass Sladovich.
All costs of the proceedings in both courts are assessed to Henry Steadman, Jr.

AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

REDMANN, J., dissents in part.

. This is apparently in conflict with Connell v. Connell, 316 So.2d 421 (La.App.2d Cir. 1975) which we decline to follow.